IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF MS "ORION J" | § | |
| SCHIFFAHRTSGESELLSCHAFT UG | § | |
| (HAFTUNGSBESCHRÄNKT) & CO. KG, | § | C.A. NO. 4:14-cv-1411 |
| JMS FOURTY-FIFTH SHIPPING CO. LTD, | § | |
| AND JÜNGERHANS HEAVY-LIFT-FLEET | § | |
| SERVICES GMBH & CO. KG, AS OWNER, | § | |
| OWNER *PRO HAC VICE* AND MANAGING | § | |
| OWNER, RESPECTIVELY, OF THE M/V | § | |
| INDUSTRIAL DAWN, FOR EXONERATION | § | |
| FROM OR LIMITATION OF LIABILITY | § | (ADMIRALTY) |

## VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG, JMS Fourty-Fifth Shipping Co. Ltd, and Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG, as owner, owner *pro hac vice*, and managing owner, respectively, of the M/V INDUSTRIAL DAWN, to file this their Verified Complaint for Exoneration From or Limitation of Liability and respectfully show the following:

1.

This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.

At all times material hereto, MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG was a business entity organized and existing under the laws of Germany with its principal office located in Haren (Ems), Germany.

22487♦ 4PJAG5124

3.

At all times material hereto, JMS Fourty-Fifth Shipping Co. Ltd was a business entity organized and existing under the laws of Antigua with its principal office located in St. Johns, Antigua.

4.

At all times material hereto, Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG was a business entity organized and existing under the laws of Germany with its principal office located in Haren (Ems), Germany.

5.

At all times material hereto:

1. MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG was the registered owner of the M/V INDUSTRIAL DAWN;

2. JMS Fourty-Fifth Shipping Co. Ltd. was the bareboat charterer of the M/V INDUSTRIAL DAWN; and,

3. Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG managed the M/V INDUSTRIAL DAWN

6.

The M/V INDUSTRIAL DAWN is a heavy lift freight vessel built in 2006. The M/V INDUSTRIAL DAWN is 112.00 meters in length, 20.00 meters in breadth and bears IMO No. 934 7841.

7.

As shown in the Declaration of Value, attached hereto as Exhibit A and incorporated herein by reference for all purposes, the M/V INDUSTRIAL DAWN and all its appurtenances, excluding pending freight, was valued at $13,500,000.00 (THIRTEEN MILLION FIVE HUNDRED THOUSAND AND NO/100 US DOLLARS) immediately following the incident at issue herein.

8.

As shown in the Declaration of Pending Freight, attached hereto as Exhibit B and incorporated herein by reference for all purposes, the value of pending freight for the voyage of the M/V INDUSTRIAL DAWN scheduled to commence on 11 May 2014 and expected to end on or about 12 June 2014 is $270,075.00 (TWO HUNDRED SEVENTY THOUSAND SEVENTY FIVE AND NO/100 US DOLLARS) based upon the charter hire to be paid during the voyage.

9.

At all times material hereto, MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG, JMS Fourty-Fifth Shipping Co. Ltd, and Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG (hereinafter sometimes jointly referred to as "Petitioners") used due diligence to make and maintain the M/V INDUSTRIAL DAWN in all respects seaworthy, and the M/V INDUSTRIAL DAWN was, in fact, at all times material hereto, tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects seaworthy and fit for the service in which it was engaged.

10.

On or about May 10, 2014, while the M/V INDUSTRIAL DAWN was at Industrial Terminals in Houston, Texas, and the vessel's time charterer, Industrial Maritime Carriers (Bermuda) Ltd., was loading a heavy piece of cargo into the ship's no. 2 hold with the vessel's heavy-lift cranes, the cargo was dropped into the hold. A longshoreman working in the hold, Gabriel Garcia, was fatally injured. In addition, the ship, its equipment and the cargo being loaded, all sustained damage.

11.

The incident described above, and any damages claimed as a result thereof, were in no way caused or contributed to by any fault, neglect, or want of due care, on the part of Petitioners.

12.

The incident described above, and any damages claimed as a result thereof, occurred without the fault, privity, or knowledge of Petitioners.

13.

The incident described above, and any damages claimed as a result thereof, were proximately caused in whole or in part by the negligence of Industrial Maritime Carriers (Bermuda) Ltd., Gulf Stream Marine, Inc. and/or their respective employees and/or agents, for which Petitioners were not responsible.

14.

Each claimant's alleged injuries and damages, if any, are the result in whole or in part of the acts and/or omissions of third parties and/or instrumentalities over which Petitioners exercised no right of control and for which Petitioners have no legal liability.

15.

To the best of Petitioners' knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the M/V INDUSTRIAL DAWN and the vessel has not been and is not presently under seizure as a result of any claims or demands.

16.

Petitioners desire to contest their liability and the liability of the M/V INDUSTRIAL DAWN for any claims made and/or that may be made against them as they have valid defenses in fact and in law thereto. Petitioners further claim the benefits of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of the Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

17.

Filed herewith is Petitioners' *Ad Interim* Stipulation for an amount equal to the value of Petitioners' interest in the M/V INDUSTRIAL DAWN and its pending freight plus interest thereon at the rate set forth in Rule F. The *Ad Interim* Stipulation is to stand in the place of a stipulation for value if the amount thereof is not contested by any claimant herein.

18.

All and singular, the above premises of this Complaint are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG, JMS Fourty-Fifth Shipping Co. Ltd, and Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG pray that:

1. upon the filing of the *Ad Interim* Stipulation in the amount of $13,770,075.00 (THIRTEEN MILLION SEVEN HUNDRED SEVENTY THOUSAND SEVENTY FIVE AND NO/100 US DOLLARS), the Court, in accordance with the Federal Rules, shall cause a Monition to be issued to all persons asserting claims in the respect to which MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG, JMS Fourty-Fifth Shipping Co. Ltd, and Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG ("Petitioners") seek limitation, citing them to file their respective claims with the Clerk of this Court and serve them on or before the date to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

2. the Court, upon filing of the *Ad Interim* Stipulation, will issue an injunction restraining the filing, commencement, and further prosecution in any Court whatsoever and all suits, actions, and legal proceedings of any nature or kind whatsoever against Petitioners and/or the M/V INDUSTRIAL DAWN and/or their underwriters, and/or their insurers, whether *in personam*, or *in rem*;

3. if any claimant, who shall file its claim under oath, shall file an exception contraverting the value of the M/V INDUSTRIAL DAWN in its condition as alleged herein, or to the amount of the *Ad Interim* Stipulation, the Court shall cause due appraisal to be made of the value of the M/V INDUSTRIAL DAWN and its freight earned, if any, during the time referred to in the Complaint, and the value of Petitioners' interest therein; and, in the event said appraised value exceeds the limitation fund or security filed with the Court, that this Honorable

       Court enter an Order for the payment into the Court of the higher value of Petitioners' interests therein, or for the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure;

4. the Court adjudge that Petitioners are not liable to any extent whatsoever for any losses, damages, or injuries, and for any claims arising in consequence of the matters, happenings and events stated in this Complaint, and exonerate Petitioners from liability therefor;

5. in the alternative, if this Court should adjudge that Petitioners are liable in any amount whatsoever, the Court adjudge said liability as limited to the value or amounts of interests of Petitioners in the M/V INDUSTRIAL DAWN and its pending freight, if any; that the monies paid or ordered to be paid may be divided pro rata among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging Petitioners from all other liabilities; and,

6. that Petitioners have such other and further relief as justice may require, including the right to supplement and amend these pleadings in order to achieve justice.

       Respectfully submitted,

       EASTHAM, WATSON, DALE AND FORNEY, L.L.P.

       *[signature]*

       Robert L. Klawetter
       State Bar No. 11554700
       klawetter@easthamlaw.com
       William A. Durham
       State Bar No. 06281800
       durham@easthamlaw.com
       Christina K. Schovajsa
       State Bar No. 24002910
       schovajsa@easthamlaw.com
       808 Travis Street, Suite 1300
       Houston, TX 77002
       Telephone: (713) 225-0905
       Telefacsimile: (713) 225-2907

       *Attorneys for Petitioners*
       *MS "ORION J" Schiffahrtsgesellschaft*
       *UG (Haftungsbeschränkt) & Co. KG,*
       *JMS Fourty-Fifth Shipping Co. Ltd,*
       *and Jüngerhans Heavy-Lift-Fleet Services*
       *GmbH & Co. KG*

<u>VERIFICATION</u>

BEFORE ME, the undersigned authority, on this date personally came and appeared, Robert L. Klawetter, who being duly sworn, on his oath deposed and stated the following:

That he is a duly authorized attorney for MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG, the owner of the M/V INDUSTRIAL DAWN at all times relevant to this Complaint.

That he is a duly authorized attorney for JMS Fourty-Fifth Shipping Co. Ltd, the owner *pro hac vice* of the M/V INDUSTRIAL DAWN at all times relevant to this Complaint.

That he is a duly authorized attorney for Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG, the managing owner of the M/V INDUSTRIAL DAWN at all times relevant to this Complaint.

That he has read the foregoing Complaint and knows the contents thereof, that the same are true and correct to the best of his knowledge, information and belief, and the source of his knowledge and the grounds of his belief are from documents in his possession.

_____
Robert L. Klawetter

SWORN TO AND SUBSCRIBED BEFORE ME on this the 20th day of May, 2014.

JANETTE GOMEZ
Notary Public, State of Texas
My Commission Expires 03/10/2018

_____
Notary Public in and for the State of Texas

22487♦4PJAG5124　　　　　　　　　　　　　　　　7