IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE § <br> COMPLAINT OF MS "ORION J" § <br> SCHIFFAHRTSGESELLSCHAFT UG § <br> (HAFTUNGSBESCHRANKT) & CO. § <br> KG, JMS FOURTY-FIFTH SHIPPING § <br> CO. LTD.; AND JUNGERHANS § <br> HEAVY-LIFT-FLEET SERVICES § <br> GMBH & CO. KG, AS OWNER, § <br> OWNER PRO HAC VICE AND § <br> MANAGING OWNER, § <br> RESPECTIVELY, OF THE M/V § <br> INDUSTRIAL DAWN, FOR § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CASE NO. 4:14-cv-1411 |

## **Claimants' Motion For Leave to File Answer & Claims**

Claimants Marleny Martinez, Esmeralda Garcia, and Mirian Garcia ("Claimants"), file this motion for leave to file their respective Answer and Claims in the Complaint for Exoneration from and/or Limitation of Liability filed by Complainants, MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbechrankt) & Co. KG, JMS Fourty-Fifth Shipping Co. Ltd., and Jungerhans Heavy-Lift-Fleet Services GmbH & Co. KG, as owner, OWNER pro hac vice and managing owner, respectively, of the M/V INDUSTRIAL DAWN (hereafter "Petitioners"), and would show the Court the following:

I.

**Factual Background**

1. Decedent Gabriel Garcia was working for Gulf Stream Marine on or about May 10, 2014. On the date in question heavy equipment was being loading equipment onto the MS INDUSTRIAL DAWN (the "Vessel"). The Vessel was owned, chartered, operated, and controlled by Petitioners at all relevant times. At all relevant times the Vessel was time-chartered to Intermarine, LLC.

2. On the date in question a piece of the heavy equipment fell on to Decedent. He sustained traumatic amputation of both of his legs. He later died as a result of his injuries. Claimants are surviving heirs and wrongful death beneficiaries of Decedent. The incident in question and the injuries, death, and resulting damages claimed herein were proximately caused by the conduct of Petitioners.

3. On May 20, 2014, Petitioners filed a Complaint for Limitation or Exoneration of Liability in the above referenced matter concerning events that occurred on May 10, 2014. (*See* Doc No. 1).

4. On May 22, 2014 the Court entered an Order of Monition stating that all claims in Petitioners' action were to filed and served upon Petitioners no later than 10:00 a.m. August 1, 2014. (*See* Doc. No. 9 and 12).

5. Claimants, three of Decedents' daughters, who are surviving heirs of the Decedent and wrongful death beneficiaries did not receive notice or have knowledge of the Court's Monition Order or Claim Deadline nor did they retain the undersigned counsel until after the August 1, 2014 deadline had passed.

6. As decedent's daughters, Claimants have a viable claim in this action, and the Court should grant this motion for leave to file a claim and allow Claimants to file the attached Answer and Claims in the Complaint for Exoneration from or Limitation of Liability. *See* Ex. A.

## II.

### Arguments & Authority

7. A court has discretion to permit the late filing of a claim in a limitation action. *See Texas Gulf Sulphur Co. v. Blue Stack Towing Co.,* 313 F.2d 359 (5th Cir. 1963). In *Texas Gulf Sulphur Company*, the 5th Circuit outlined an analytical framework for determining when to allow late claims in view of the short limitation period, lack of formal process, and equitable concerns. *Id.* A court should consider: (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late. *Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993).

8. Moreover, parties seeking to file late claims in an admiralty action do not need to show "good cause." *Alter Barge Line, Inc. v. Consolidated Grane & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2002). Instead, parties are given the opportunity to place their entire case before the court and correct any errors. *See Id.*; *see also Texas Gulf Sulphur Co.*, 373 F.2d at 362.

9. Claimants' failure to file a claim in the Limitation Action on or before the Court's claim deadline was not due to indifference or lack of diligence. Instead, it was simply due to the fact that Claimants did not have notice or knowledge of the Court's order or claim deadline and had not retained counsel to represent them in connection with their claims. The relief sought herein is in the interests of justice and no party to this action will be adversely affected by the filing of these claims.

### III.

### Conclusion

Based on the foregoing, Claimants respectfully request that this Court grant leave and permit the filing of Claimants' respective Answer and Claims in this proceeding.

Respectfully submitted,

*/s/ Noah M. Wexler*
Noah M. Wexler
Texas Bar No.: 24060816
Southern District of Texas No. 916478

> ARNOLD & ITKIN LLP
> 6009 Memorial Drive
> Houston, Texas 77007
> Telephone: (713) 222-3800
> Facsimile: (713) 222-3850
> nwexler@arnolditkin.com

**ATTORNEY FOR CLAIMANTS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 22, 2014 counsel for Claimants conferred with Counsel for Petitioner regarding the relief sought herein.  Counsel for Petitioner informed Counsel for Claimants that Petitioner opposes the relief sought herein.

> */s/ Noah M. Wexler*
> Noah M. Wexler

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2014, a copy of the above and foregoing document was served on counsel of record via the Court's electronic filing system ("ECF").

> */s/ Noah M. Wexler*
> Noah M. Wexler