# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE § <br> COMPLAINT OF MS "ORION J" § <br> SCHIFFAHRTSGESELLSCHAFT UG § <br> (HAFTUNGSBESCHRANKT) & CO. § <br> KG, JMS FOURTY-FIFTH SHIPPING § <br> CO. LTD.; AND JUNGERHANS § <br> HEAVY-LIFT-FLEET SERVICES § <br> GMBH & CO. KG, AS OWNER, § <br> OWNER PRO HAC VICE AND § <br> MANAGING OWNER, § <br> RESPECTIVELY, OF THE M/V § <br> INDUSTRIAL DAWN, FOR § <br> EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CASE NO. 4:14-cv-1411 |

## Answer and Claims of Claimants Marleny Martinez, Esmeralda Garcia, and Marian Garcia

Claimant Marleny Martinez, Esmeralda Garcia, and Marian Garcia ("Claimants"), surviving heirs and wrongful death beneficiaries of Decedent Gabriel Garcia, file this Answer and Claims in the Complaint for Exoneration from and/or Limitation of Liability filed by Petitioners MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbechrankt) & Co. KG, JMS Fourty-Fifth Shipping Co. Ltd., and Jungerhans Heavy-Lift-Fleet Services GmbH & Co. KG, as owner, owner *pro hac vice* and managing owner, respectively, of the M/V INDUSTRIAL DAWN (collectively "Petitioners") and would respectfully show the Court that:

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, is unconstitutional in that it deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

Claimant asserts the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under a common operational control, supervision, and enterprise.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the vessel identified in the Complaint for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise. Pursuant to Rule F(1) of the Supplemental

Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioners' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

## FIFTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to accurately identify all of the vessels in the flotilla which should be included in the limitation fund.

## SIXTH DEFENSE

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the MS INDUSTRIAL DAWN, and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to decedent Gabriel Garcia's death and Claimants' damages took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

## SEVENTH DEFENSE

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the MS INDUSTRIAL DAWN and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

**EIGHTH DEFENSE**

To the extent Petitioners' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**NINTH DEFENSE**

The Complaint for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

**TENTH DEFENSE**

The events culminating in the injuries and death of Decedent and damages sustained by Claimants were the result of the negligence, fault, or want of due care on the part of Petitioners and/or those for whom Petitioners are responsible, and/or the unseaworthiness of the MS INDUSTRIAL DAWN and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Complaint for Exoneration From and/or Limitation of Liability should be denied.

## ELEVENTH DEFENSE

The events culminating in the injuries and death of Decedent and damages sustained by Claimants were not the result of any negligence, fault, or want of due care on Decedent or Claimants' part or those for whom they may be responsible.

## TWELFTH DEFENSE

Claimant further alleges that there was insurance coverage on the MS INDUSTRIAL DAWN insuring Petitioners in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## THIRTEENTH DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioners from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## FOURTEENTH DEFENSE

In filing this Answer and Claim, Claimants specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to

Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## FIFTEENTH DEFENSE

Claimants specifically reserves all rights to pursue all available claims in the forum of their choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Claimants will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioner' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimants hereby asserts and claims their right to have their claims and damages tried to a jury in the court of their choosing.

## SIXTEENTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner

may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimants.  *See* 46 U.S.C. § 30501, *et seq.*; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994).  Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

### SEVENTEENTH DEFENSE

Claimants reserves the right to contest the appraisal value of the MS INDUSTRIAL DAWN, and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

### EIGHTEENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimant responds to the individual Paragraphs of the Complaint for Exoneration From or Limitation of Liability, upon information and belief, as follows:

I.

The allegations contained in Paragraph 1 of the Complaint are denied.

II.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of the Complaint are denied.

VIII.

The allegations contained in Paragraph 8 of the Complaint are admitted.

IX.

The allegations contained in Paragraph 9 of the Complaint are denied.

X.

With respect to Paragraph 10 of the Complaint, Claimants' admit that Decedent was fatally injured on or about May 10, 2014, all other allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of the Complaint are denied.

XII.

The allegations contained in Paragraph 12 of the Complaint are denied.

XIII.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Complaint are denied.

XV.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of the Complaint are not statements of fact, but conclusions of law and/or prayers for relief, from which no response is necessary from Claimant.  However, if response be deemed necessary, said allegations are denied.

XVII.

The allegations contained in Paragraph 17 of the Complaint are not statements of fact, but conclusions of law and/or prayers for relief, from which no response is necessary from Claimant.  However, if response be deemed necessary, said allegations are denied.

XVIII.

The allegations contained in Paragraph 18 of the Complaint are not statements of fact, but conclusions of law and/or prayers for relief, from which no response is necessary from Claimant.  However, if response be deemed necessary, said allegations are denied.

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue thier claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies,

Claimant files thier Claim in the Complaint for Exoneration from and/or Limitation of Liability of, and states that:

1.

Claimants re-urge each and every defense and objection set forth above as if the same were stated herein verbatim.

2.

Decedent Gabriel Garcia was working for Gulf Stream Marine on or about May 10, 2014. On the date in question heavy equipment was being loading equipment onto the MS INDUSTRIAL DAWN (the "Vessel"). The Vessel was owned, chartered, operated, and controlled by Petitioners at all relevant times. At all relevant times the Vessel was time-chartered to Intermarine, LLC.

On the date in question a piece of the heavy equipment fell on to Decedent. He sustained traumatic amputation of both of his legs. He later died as a result of his injuries. Claimants are surviving heirs and wrongful death beneficiaries of Decedent. The incident in question and the injuries, death, and resulting damages claimed herein were proximately caused by the conduct of Petitioners.

Petitioners were negligent, negligent per se, and grossly negligent for:

    a.    failure to properly supervise their crew;

    b.    failure to properly train their employees;

    c.    failure to provide adequate safety equipment;

    d.    failure to provide a safe work environment;

    e.    failure to inspect the vessel and/or its equipment;

    f.    operating the vessel with an inadequate crew;

    g.    failure to maintain the vessel;

    h.    vicariously liable for their employees' negligence;

    i.    violating applicable Coast Guard, OSHA, and/or BSEE rules; and

    j.    other acts deemed negligent.

4.

At all relevant times, the vessel(s) was/were unseaworthy.

5.

All of the above mentioned acts occurred within the privity and/or knowledge of Petitioners.

6.

Claimants are entitled to maintain their claims pursuant to 33 USC §§ 905(b), general maritime law, §§ 71.022, *et. seq.*, of the Texas Civil Practice & Remedies Code, commonly referred to as the "Wrongful Death Act," and § 71.021 of the Texas Civil Practices & Remedies Code, commonly referred to as the "Survival Statute".

7.

As a result of this incident, Claimants have and will continue to suffer the past and future loss of companionship, society, love, and affection resulting from the death of Decedent and past and future mental anguish, grief, and sorrow caused by the Decedents death.  Claimants have and will continue to suffer the past and future loss of care, maintenance, support, services, advice, counsel, and contributions of pecuniary value that they would have received from Decedent had he lived.

8.

Claimants have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sues.

9.

Claimants pray that after due proceedings are had that:

a. The Complaint seeking Exoneration From or Limitation of Liability be dismissed and the injunction or restraining order granted in this matter be dissolved;

b. Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint seeking Exoneration From or Limitation of Liability

       be dismissed; and pending such deposit any injunction and/or restraining order be dissolved;

c.   There be judgment rendered herein in favor of Claimants, and against Petitioners, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

d.   Claimants be allowed to proceed and prosecute thier Claim without pre-payment of costs; and,

e.   For all such other and further relief to which Claimants may be entitled under law and in equity.

10.

Claimant respectfully requests a trial by jury. *Luera v. M/V Alberta*, 635 F.3d 181, 196 (5th Cir. 2011).

                             Respectfully submitted,

                             */s/ Noah M. Wexler*
                             Noah M. Wexler
                             Texas Bar No.: 24060816
                             Southern District of Texas No. 916478
                             ARNOLD & ITKIN LLP
                             6009 Memorial Drive
                             Houston, Texas 77007
                             Telephone: (713) 222-3800
                             Facsimile: (713) 222-3850
                             nwexler@arnolditkin.com

                             **ATTORNEY FOR CLAIMANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 22, 2014, a copy of the above and foregoing document was served on counsel of record via the Court's electronic filing system ("ECF").

                                       */s/ Noah M. Wexler*
                                       Noah M. Wexler