# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF MS "ORION J" | § | |
| SCHIFFAHRTSGESELLSCHAFT UG | § | |
| (HAFTUNGSBESCHRÄNKT) & CO. KG, | § | C.A. NO. 4:14-cv-1411 |
| JMS FOURTY-FIFTH SHIPPING CO. LTD, | § | |
| AND JÜNGERHANS HEAVY-LIFT-FLEET | § | |
| SERVICES GMBH & CO. KG, AS OWNER, | § | |
| OWNER *PRO HAC VICE* AND MANAGING | § | |
| OWNER, RESPECTIVELY, OF THE M/V | § | |
| INDUSTRIAL DAWN, FOR EXONERATION | § | |
| FROM OR LIMITATION OF LIABILITY | § | (ADMIRALTY) |

**LIMITATION PETITIONERS'**
**THIRD PARTY COMPLAINT PURSUANT TO FRCP 14(c)**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG, JMS Fourty-Fifth Shipping Co. Ltd, and Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG (hereinafter collectively referred to as the "Limitation Petitioners") and, pursuant to Federal Rule of Civil Procedure 14(c), file this Third Party Complaint to:

- tender Intermarine, LLC; Industrial Maritime Carriers LLC; and, Industrial Maritime Carriers (Bermuda), Ltd. (hereinafter collectively referred to as the "IMC" Claimants) directly to Eusebia Garcia, individually, as representative of the estate of Gabriel Garcia, deceased, and as next friend of E.G., a minor; Angel Garcia; Marleny Martinez; Esmeralda Garcia; and, Mirian Garcia (hereinafter referred to collectively as the "Garcia and Martinez Plaintiffs"); and,

- tender TTS NMF GmbH (hereinafter "TTS") directly to the Garcia and Martinez Plaintiffs and the IMC Claimants.

In support thereof, the Limitation Petitioners would respectfully show the Court the following:

22487♦ 4PCKHO103

## A.  PARTIES

1. Claimant/Plaintiff Eusebia Garcia, individually, as representative of the estate of Gabriel Garcia, deceased, and as next friend of E.G., a minor has appeared herein and may be served through her counsel of record Gregg Anderson, TERRY BRYANT PLLC, 8584 Katy Freeway, Suite 100, Houston, Texas 77024.

2. Claimant/Plaintiff Angel Garcia has appeared herein and may be served through his counsel of record Gregg Anderson, TERRY BRYANT PLLC, 8584 Katy Freeway, Suite 100, Houston, Texas 77024.  Collectively, Eusebia Garcia and Angel Garcia are hereinafter referred to as the Garcia Plaintiffs.

3. Claimant/Plaintiff Marleny Martinez has appeared herein and may be served through her counsel of record Noah M. Wexler, ARNOLD & ITKIN LLP, 6009 Memorial Drive, Houston, Texas 77007.

4. Claimant/Plaintiff Esmeralda Garcia has appeared herein and may be served through her counsel of record Noah M. Wexler, ARNOLD & ITKIN LLP, 6009 Memorial Drive, Houston, Texas 77007.

5. Claimant/Plaintiff Mirian Garcia has appeared herein and may be served through her counsel of record Noah M. Wexler, ARNOLD & ITKIN LLP, 6009 Memorial Drive, Houston, Texas 77007.

6. Petitioner/Third Party Plaintiff MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG is a business entity organized and existing under the laws of Germany with its principal office located in Haren (Ems), Germany.

7. Petitioner/Third Party Plaintiff JMS Fourty-Fifth Shipping Co. Ltd is a business entity organized and existing under the laws of Antigua with its principal office located in St. Johns, Antigua.

8. Petitioner/Third Party Plaintiff Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG is a business entity organized and existing under the laws of Germany with its principal office located in Haren (Ems), Germany.

9. Claimant/Third Party Defendant Intermarine, LLC is a Louisiana limited liability company that has appeared herein and may be served through its counsel of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH, 1301 McKinney Suite 1400, Houston, Texas 77010.

10. Claimant/Third Party Defendant Industrial Maritime Carriers LLC is a Louisiana limited liability company that has appeared herein and may be served through its counsel of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH, 1301 McKinney Suite 1400, Houston, Texas 77010.

11. Claimant/Third Party Defendant Industrial Maritime Carriers (Bermuda), Ltd. a business entity organized and existing under the laws of Bermuda that has appeared herein and may be served through its counsel of record Thomas J. Smith, GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH, 1301 McKinney Suite 1400, Houston, Texas 77010.

12. Third Party Defendant TTS NMF GmbH is a foreign business entity that does business directly and/or through its agents in the United States of America, including the Southern District of Texas, but does not have a regular place of business or a registered agent for service of process in the Southern District of Texas. TTS is the manufacturer, service provider and inspector of the heavy lift crane and traverse that were involved in the incident which forms

the basis of this action.  TTS is subject to specific jurisdiction in this matter because its activities in Texas are continuous and systematic and some of those activities gave rise to the episode in suit.  Among other things, TTS, its subsidiaries, affiliated companies, and/or agents (including but not limited to TTS Marine, Inc.) an inspected and/or serviced the crane and traverse at issue herein as well as similar equipment on other ships in Texas prior to the incident.  TTS has a principal place of business located at Neuenfelder Fährdeich 120, 21129 Hamburg, Germany and, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, may be served with process by:

> sending two copies of a Request for Service Form together with two (2) copies of the documents to be served and accompanying translations to the Central Authority for Hamburg: Präsident des Amtsgerichts Hamburg, Sievekingplatz 1, 20355 Hamburg, Germany.

## B.  JURISDICTION

13.     The Court has admiralty and maritime jurisdiction over this lawsuit pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## C.  VENUE

14.     Venue is proper herein because a substantial part of the events or omissions giving rise to the claims herein occurred within the Southern District of Texas.

## D.  FACTUAL BACKGROUND

15.     The incident underlying this lawsuit occurred during cargo operations on the *M/V Industrial Dawn* at Industrial Terminals in Houston, Texas on May 10, 2014.  Specifically, while the vessel's crew, employees of stevedore Gulf Stream Marine and employees and/or representatives of the IMC Claimants were loading a piece of cargo, the load became partially

disconnected from the traverse such that part of the lift was dropped from a height of approximately one meter above the tank top.  The accident resulted in fatal injuries to a longshoreman, Gabriel Garcia, who was working in the hold, as well as damages to the ship and its equipment and various costs associated with responding to the casualty.

### E.  PROCEDURAL BACKGROUND

16. On May 20, 2014, Limitation Petitioners filed a limitation action pursuant to 46 U.S.C. §§ 30501, *et seq.* ("Limitation Act") in the United States District Court for the Southern District of Texas, Houston Division.

17. On May 21, 2014, a lawsuit was filed against Intermarine, LLC and the Limitation Petitioners in Cause No. 2014-29137, in the 129th Judicial District Court of Harris County, Texas, styled *Eusebia Garcia, individually, as representative of the estate of Gabriel Garcia, decedent, and a/n/f of Eduardo Garcia, a minor and Angel Garcia v. InterMarine, LLC, MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschrankt) & Co. KG; JMS Fourty-Fifth Shipping Co. Ltd.; and Jungerhans Heavy-Lift-Fleet Services GMBH & Co. KG,*. Plaintiffs in that matter seek damages allegedly sustained due to the incident on behalf of the widow, the estate, one minor and one adult child.

18. With respect to the state court action, only Intermarine, LLC was served with process.  On June 19, 2014, Intermarine, LLC removed the lawsuit to the Southern District of Texas, Houston Division under Cause 4:14-cv-01720.

19. To date, the following have either filed claims or filed claims and answers in the limitation action:

    a.    Eusebia Garcia, individually, as representative of the estate of Gabriel Garcia, deceased, and as next friend of E.G., a minor and Angel Garcia;

    b.    Intermarine, LLC;

      c.      Industrial Maritime Carriers LLC and Industrial Maritime Carriers (Bermuda), Ltd; and,

      d.      Marleny Martinez, Esmeralda Garcia, and Mirian Garcia.

A copy of each claim or claim and answer filed is attached hereto as Exhibits A-D.

20.      The Limitation Petitioners now submit this Third Party Complaint in order to:

      a.      tender Intermarine, LLC; Industrial Maritime Carriers LLC; and, Industrial Maritime Carriers (Bermuda), Ltd. to the Garcia and Martinez Plaintiffs; and,

      b.      tender TTS NMF GmbH directly to the following:

           1.      the Garcia and Martinez Plaintiffs;
           2.      Intermarine, LLC;
           3.      Industrial Maritime Carriers LLC; and,
           4.      Industrial Maritime Carriers (Bermuda), Ltd.

## F.  CLAIMS

### THE IMC CLAIMANTS AND TTS SHOULD ANSWER
### TO THE GARCIA AND MARTINEZ PLAINTIFFS

21.      The Limitation Petitioners incorporate herein by reference paragraphs 1-20.

22.      In the instant matter, the Garcia and Martinez Plaintiffs assert that their alleged damages were proximately caused by the negligence of the Limitation Petitioners.

23.      In the related suit presently pending before this Court as Cause 4:14-cv-01720, the plaintiffs claim that their alleged damages were proximately caused by the negligence of the Limitation Petitioners and/or that of Intermarine, LLC.

24.      The Limitation Petitioners expressly deny they were negligent.  The Limitation Petitioners maintain that all times material hereto they used due diligence to make and maintain the *M/V Industrial Dawn* in all respects seaworthy, and the *M/V Industrial Dawn* was, in fact, at

all times material hereto, tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects seaworthy and fit for the service in which it was engaged.

25. The Limitation Petitioners aver that the underlying incident and any and all resultant damages were proximately caused, in whole or in part, by the negligence of Intermarine, LLC, Industrial Maritime Carriers LLC, Industrial Maritime Carriers (Bermuda), Ltd. and/or TTS NMF GmbH (hereinafter referred to collectively as the "Third Party Defendants") and, if the Garcia and Martinez Plaintiffs are entitled to recover for the damages alleged in their respective claims and answers, then, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, they should recover directly from the Third Party Defendants without any contribution from the Limitation Petitioners. Accordingly, the Limitation Petitioners demand judgment against Third Party Defendants in favor of the Garcia and Martinez Plaintiffs and demand that the Third Party Defendants make any defenses to the claims of the Garcia and Martinez Plaintiffs provided in Federal Rule of Civil Procedure 12 and the action shall proceed as if the Garcia and Martinez Plaintiffs commenced the action directly against the Third Party Defendants, as well as the Limitation Petitioners.

## TTS SHOULD ANSWER TO THE IMC CLAIMANTS

26. The Limitation Petitioners incorporate herein by reference paragraphs 1-25.

27. In the instant matter, each of the IMC Claimants herein alleges that the May 10, 2014 incident and their alleged damages were proximately caused by the negligence of the Limitation Petitioners.

28. The Limitation Petitioners aver that the underlying incident and any and all resultant damages were proximately caused, in whole or in part, by the negligence of TTS and/or its agents and, if the IMC Claimants are entitled to recover for the damages alleged in their

respective claims and answers, then, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, they should recover directly from TTS without any contribution from the Limitation Petitioners. Accordingly, the Limitation Petitioners demand judgment against TTS in favor of the IMC Claimants and demand that TTS make any defenses to the claims of the IMC Claimants provided in Federal Rule of Civil Procedure 12 and the action shall proceed as if the IMC Claimants commenced the action directly against TTS, as well as the Limitation Petitioners.

### CAUSES OF ACTION AGAINST THE IMC CLAIMANTS

29. The Limitation Petitioners incorporate herein by reference paragraphs 1-28.

30. In reasonable probability, the incident that occurred during the heavy lift operation on the *M/V Industrial Dawn* on May 10, 2014, and the damages, if any, that the Garcia and Martinez Plaintiffs sustained as a result of same, were proximately caused, in whole or in part, by the negligence of the IMC claimants, their employees, agents and/or representatives. The acts and/or omissions of the IMC Claimants, their employees, agents and/or representatives constituting negligence include, without limitation, failure to properly develop, implement, and supervise a proper lifting plan.

31. Accordingly, if the Garcia and Martinez Plaintiffs are entitled to recover for the damages alleged in their respective Claims and Answers, then they should recover from the IMC Claimants.

### CAUSES OF ACTION AGAINST TTS

32. The Limitation Petitioners incorporate herein by reference paragraphs 1-31.

33. In reasonable probability, the accident that occurred during the heavy lift operation on the *M/V Industrial Dawn* on May 10, 2014, and the damages, if any, that the Garcia and Martinez Plaintiffs and/or the IMC Claimants sustained as a result of same, were

proximately caused, in whole or in part, by the negligence of TTS, their employees, agents and/or representatives. TTS, its employees, agents and/or representatives' acts and/or omissions constituting negligence include, without limitation:

    a.    failure to give adequate and proper warnings and instructions regarding the use and the dangers of the crane and traverse;

    b.    failure to give adequate and proper warnings and instructions regarding the use and/or arrangement for rigging the crane and traverse;

    c.    failure to give adequate and proper warnings and instructions regarding all necessary inspections, maintenance and/or renewal required for the safe operation of the crane and traverse;

    d.    failure to properly design and/or manufacture the crane and traverse;

    e.    failure to properly inspect and/or service the crane and traverse;

34.    Accordingly, if the Garcia and Martinez Plaintiffs and/or the IMC Claimants are entitled to recover for the damages alleged in their respective Claims and Answers, then they should recover from TTS.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG, JMS Fourty-Fifth Shipping Co. Ltd, and Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG pray for the following:

1.    Intermarine, LLC, Industrial Maritime Carriers LLC, Industrial Maritime Carriers (Bermuda), Ltd. and/or TTS NMF GmbH (collectively referred to herein as "Third Party Defendants") to answer directly to Eusebia Garcia, individually, as representative of the estate of Gabriel Garcia, deceased, and as next friend of Eduardo Garcia, a minor; Angel Garcia; Marleny Martinez; Esmeralda Garcia; and, Mirian Garcia (collectively referred to herein as the "Garcia and Martinez Plaintiffs") for any and all of their claims against MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschränkt) & Co. KG, JMS Fourty-Fifth Shipping Co. Ltd, and Jüngerhans Heavy-Lift-Fleet Services GmbH & Co. KG (collectively referred to herein as the "Limitation Petitioners") and that the action proceed as if the Garcia and Martinez Plaintiffs commenced it against the Third Party Defendants as well as the Limitation Petitioners.

2. TTS NMF GmbH to answer directly to Intermarine, LLC, Industrial Maritime Carriers LLC, and/or Industrial Maritime Carriers (Bermuda), Ltd. (collectively referred to herein as the "IMC" Claimants) for any and all of their claims against the Limitation Petitioners and that the action proceed as if the IMC Claimants commenced it against TTS NMF GmbH as well as the Limitation Petitioners.

3. All of the claims of the Garcia and Martinez Plaintiffs and IMC against the Limitation Petitioners to be dismissed; or, in the alternative, that upon final hearing, judgment be entered that the Garcia and Martinez Plaintiffs and IMC take nothing by their suit against the Limitation Petitioners, and that the Limitation Petitioners be awarded their costs incurred in the defense of this action; or, in the alternative, for judgment against the Third Party Defendants in favor of the Garcia and Martinez Plaintiffs for any and all of their claims against the Limitation Petitioners.

4. All other relief the Court deems appropriate.

Respectfully submitted,

EASTHAM, WATSON, DALE AND FORNEY, L.L.P.

*/s/ Robert L. Klawetter*
Robert L. Klawetter
State Bar No. 11554700
klawetter@easthamlaw.com
William A. Durham
State Bar No. 06281800
durham@easthamlaw.com
Christina K. Schovajsa
State Bar No. 24002910
schovajsa@easthamlaw.com
808 Travis Street, Suite 1300
Houston, TX  77002
Telephone:  (713) 225-0905
Telefacsimile:  (713) 225-2907

*Attorneys for Petitioners*
*MS "ORION J" Schiffahrtsgesellschaft*
*UG (Haftungsbeschränkt) & Co. KG,*
*JMS Fourty-Fifth Shipping Co. Ltd,*
*and Jüngerhans Heavy-Lift-Fleet Services*
*GmbH & Co. KG*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing pleading on **October 3rd , 2014,** electronically, and that a true and correct copy of the foregoing will be served on counsel of record via the Electronic Case Filing System of the United States District Court for the Southern District of Texas, Houston Division, and/or telefax, certified mail, return receipt requested, as enumerated below.

                                                */s/ Robert L. Klawetter*
                                                Robert L. Klawetter

***VIA THE CM/ECF SYSTEM***
Terry Bryant
Gregg Anderson
Terry Bryant PLLC
8584 Katy Freeway, Suite 100
Houston, Texas 77024

***VIA THE CM/ECF SYSTEM***
Noah M. Wexler
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007

***VIA THE CM/ECF SYSTEM***
Thomas J. Smith
Kelly C. Hartman
Shannon L. Snider
Galloway, Johnson, Tompkins, Burr & Smith
1301 McKinney, Suite 1400
Houston, Texas 77010