**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT § <br> OF MS ORION J § <br> SCHIFFAHRTSGESELLSCHAFT § <br> UG (HAFTUNGSBESCHRANKT) & CO. KG § <br> JMS FOURTY-FIFTH SHIPPING CO. § <br> LTD, AND JUNGERHANS HEAVY LIFT- § <br> FLEET SERVICES GMBH & CO. KG, AS § <br> OWNER *PRO HAC VICE* AND MANAGING § <br> OWNER, RESPECTIVELY, OF THE M/V § <br> INDUSTRIAL DAWN, FOR § <br> EXONERATION FROM OR LIMITATION § <br> OF LIABILITY § | CIVIL ACTION NO. H-14-1411 |

**MEMORANDUM AND OPINION**

The MS "ORION J" Schiffahrtsgesellschaft UG (Haftungsbeschrankt) & Co. Ltd. and Jungerhans Heavy-Lift-Fleet Services GmbH & Co. KG (the "petitioners") filed this federal-court limitation of liability suit under 46 U.S.C. §§ 30501, *et seq.* on May 20, 2014. The next day, Eusebia Garcia, Marleny Martinez, Esmerelda Garcia, and Mirian Garcia (the "Garcia/Martinez claimants") filed a state-court personal-injury suit against the petitioners and against Intermarine, LLC; Industrial Maritime Carriers LLC; and Industrial Maritime Carriers (Bermuda), Ltd. (the "IMC claimants"). Intermarine removed. The court issued an order staying the Garcia/Martinez claimants' suit two days later. These claimants have moved to lift the stay. (Docket Entry No. 41). Based on the motion and response, the record now before the court, and the applicable law, the motion to lift the stay is denied. The reasons are set out below.

**I.      Background**

On May 10, 2014, Gabriel Garcia, a Gulf Stream Marine employee, was on a crew loading heavy equipment cargo onto the M/V INDUSTRIAL DAWN at the Industrial Terminals in Houston,

Texas.  The petitioners owned, chartered, and operated the vessel.  Intermarine had time-chartered the vessel, which was scheduled to end its voyage on June 12, 2014.  During the loading operation, a piece of cargo fell on Garcia and killed him.  (Docket Entry No. 1).  On May 20, 2014, the petitioners filed this limitation of liability action in federal court.  On May 21, Garcia's widow and children sued the IMC claimants and the petitioners in state court, and Intermarine timely removed.  On May 22, this court issued an order staying and enjoining legal proceedings against the petitioners based on the May 10, 2014 incident.  (Docket Entry No. 9).  On August 1, the IMC claimants identified $93,720 in damages and unspecified amounts for expenses and costs associated with the vessel's delayed departure from the Port of Houston.  (Docket Entry Nos. 18, 19).

On October 6, 2014, the court entered an order defaulting potential claimants who had not already filed claims and barring them from doing so.  (Docket Entry No. 39).  The limitation fund for the M/V INDUSTRIAL DAWN is identified as $13,770,075.  (Docket Entry No. 1).

## II.     The Motion to Lift the Stay

The Shipowner's Limitation of Liability Act, codified at 46 U.S.C. § 30501 *et seq.*, limits a shipowner's liability for a maritime loss or accident to the value of the ship and pending freight. *Id.* at § 30505.  If this is "insufficient to pay all losses in full, and the portion available to pay claims for personal injury or death is less than $420 times the tonnage of the vessel, that portion shall be increased to $420 times the tonnage of the vessel.  That portion may be used only to pay claims for personal injury or death." *Id.* at § 30506.  When a shipowner files a limitation of liability action and deposits with the court an amount equal to its "interest in the vessel and pending freight, . . . all claims and proceedings against the owner related to the matter in question [except the limitation action] shall cease." *Id.* at § 30511.  The federal district court stays related claims against the

2

shipowner and requires claimants to proceed in the limitation action. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001); *Magnolia Marine Transp. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992).

If the court determines that the limitation of liability applies, the limited funds on deposit are allocated *pro rata* to the claimants. If a shipowner fails to establish its right to the limitation of liability, the "damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause [of 28 U.S.C. § 1333]." *Fecht v. Makowski*, 406 F.2d 721, 722–23 (5th Cir. 1969). Because § 1333 saves "to suitors in all cases all other remedies to which they are otherwise entitled," 28 U.S.C. § 1333, when limitation is denied, "claimants may elect to proceed with their original actions before any jury authorized and demanded in those actions." *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 450 (4th Cir. 1999).

A stay under the Shipowner's Limitation of Liability Act is not an "offensive weapon" to "deprive suitors of their common-law rights . . . where the limitation fund is known to be more than adequate to satisfy all demands upon it." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957). "The court's primary concern" in issuing a stay "is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine*, 964 F.2d at 1575. The district court may lift the stay "despite a pending limitation action when: (1) the total amount of the claims does not exceed the vessel's declared value; and (2) all claimants stipulate that the federal court has exclusive jurisdiction over the limitation action, and all claimants stipulate that they will not seek to enforce a judgment exceeding the declared value until the federal court has determined the shipowner's rights in the limitation action." *In re Kirby*

3

*Marine, L.P.*, 237 F. Supp. 2d 753, 755 (S.D. Tex. 2002) (citing *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996)).

The Garcia/Martinez claimants argue that the stay should be lifted because the limitation fund is adequate to cover all claims. They rely on *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957), in which the Supreme Court stated that "where the value of the vessel and the pending freight, the fund paid into the proceeding by the offending owner, exceeds the claims made against it, there is no necessity for the maintenance of the concourse." The Garcia/Martinez claimants filed a stipulation conceding this court's exclusive jurisdiction over the limitation action; stating that they would not seek a judgment or ruling on the petitioners' limitation of liability; waiving any claim that judgment in their state-court damages lawsuit will have a *res judicata* effect on the limitation proceeding; and stating that they will not seek to enforce a judgment exceeding $10,000,000. (Docket Entry No. 41, Ex. A). The petitioners have stated that the limitation fund for the M/V INDUSTRIAL DAWN amounts to $13,770,075. (Docket Entry No. 1). The IMC claimants have made specific claims for $93,720 and nonspecific claims for expenses and costs associated with the 17-day delay in the vessel's departure from the Port of Houston after the May 10, 2014 injury. (Docket Entry Nos. 18, 19). The claimants assert that the stay should be lifted because they have limited their claims to $10,000,000 and the remaining $3,770,075 more than covers the IMC claimants' claims. (Docket Entry No. 41).

In a limitation proceeding, all claimants, including codefendants asserting cross-claims for contribution or indemnity against the shipowner, must enter certain stipulations to have the stay over related proceedings lifted. *See Odeco Oil & Gas*, 74 F.3d at 675 ("cross-claims for indemnity and contribution are liabilities that must be addressed in order to protect the shipowner's rights under

4

the Limitation Act . . . [t]herefore, parties seeking indemnification and contribution from a shipowner must be considered claimants"). In *Odeco Oil & Gas*, the court held that a stipulation signed only by the personal-injury claimants, and not by those seeking contribution and indemnity, did not adequately protect the shipowner's right to limit its liability. *Id.*

In this case, the IMC claimants neither agreed to the Garcia/Martinez claimants' stipulations nor submitted a stipulation of their own. Without a sufficient stipulation from all claimants, the court cannot lift the stay. Although the Garcia/Martinez claimants assert that the IMC claimants' claims will not exceed $3,770,075, the IMC claimants have made no such stipulation and have not specified the damages they seek for the delay in the vessel's departure from the Port of Houston after the equipment fell.

### III. Conclusion

The stay remains in place at this time. The Garcia/Martinez claimants may reurge their motion based on a sufficient stipulation.

SIGNED on December 3, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge